UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYRELLE WEBSTER,
      Petitioner,

vs.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:16-cv-879

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Mansfield Correctional Institution, has filed a

pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 8). This matter is

before the Court on respondent's motion to dismiss (Doc. 13), to which petitioner has not

responded.

**I. PROCEDURAL HISTORY**

**State Trial Proceedings and Direct Appeal**

On April 13, 2012, the Hamilton County, Ohio, grand jury returned a three-count

indictment charging petitioner with two counts of murder and one count of having weapons while

under disability. (*See* Doc. 12, Ex. 1). On July 11, 2013, petitioner's first jury trial ended with

the trial court granting petitioner's motion for a mistrial. (Doc. 12, Ex. 4). Petitioner was retried

and was found guilty of all counts charged in the indictment. (*See* Doc. 12, Ex. 5). On November

1, 2013, petitioner was sentenced to a total aggregate prison sentence of eighteen years to life in

the Ohio Department of Corrections. (*Id.* at PageID 132).

On October 18, 2013, petitioner, through new counsel, filed a timely notice of appeal.

(*See* Doc. 12, Ex. 6). Petitioner raised the following three assignments of error:

FIRST ASSIGNMENT OF ERROR: The trial court erred to the substantial prejudice of Defendant-Appellant by not dismissing his charges after the State deliberately induced a mistrial, thereby placing him twice in jeopardy in violation of both his federal and state constitutional rights (T.p. 615-616).

Issues for Review and Argument: Does jeopardy attach after the prosecutor causes a mistrial by refusing to provide a missing discovery item?

SECOND ASSIGNMENT OF ERROR: The trial court abused its discretion by refusing to give a jury instruction warranted by the evidence (T.p. 1912).

Issues for Review and Argument: Did the trial court abuse its discretion when it refused to give a Jury instruction on voluntary manslaughter as an alternative to felony murder?

THIRD ASSIGNMENT OF ERROR: The trial court erred to the substantial prejudice of Defendant-Appellant when it entered a conviction that was against the manifest weight of the evidence, thereby denying him due process under the federal and state constitutions (T.d. (sic) 152, T.p. 2055, 2060).

Issues for Review and Argument: Are convictions for murder and its specifications, as well as having weapons while under disability, against the manifest weight of the evidence where the accused presents an alternative version of the facts?

(Doc. 12, Ex. 7). On December 24, 2014, the Ohio appeals court overruled petitioner's

assignments of error and affirmed the judgment of the trial court. *See State v. Webster,* Case No.

C-130700, 2014 WL 7339028, at *4 (Ohio Ct. App. Dec. 24, 2014).

**Delayed Appeal**

On January 15, 2016, more than a year later, petitioner filed a pro se notice of appeal and

delayed appeal motion to the Ohio Supreme Court. (Doc. 12, Ex. 9, 10). On March 9, 2016, the

Ohio Supreme Court denied petitioner's motion. (Doc. 12, Ex. 13).

**Federal Habeas Corpus**

On August 24, 2016, petitioner commenced the instant federal habeas corpus action.[1] (*See*

Doc. 8 at PageID 88). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: The trial court erred to the substantial prejudice of petitioner by not dismissing his charges after the state deliberately induced a mistrial, thereby placing him twice in jeopardy in violation of both his federal and state constitutional rights. (T.P. 615-616).
>
> Supporting facts: Does jeopardy attach after the prosecutor causes a mistrial by refusing to provide a missing discovery item?
>
> **GROUND TWO**: The trial court abused its discretion by refusing to give a jury instruction warranted by the evidence. (T.P. 1912)

(Doc. 8).

Respondent has filed a motion to dismiss the petition on statute of limitations grounds.

(Doc. 13).

## II.  RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

---

[1] The petition was filed with the Court on August 29, 2016. (*See* Doc. 1, Petition). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on August 24, 2016. (*See* Doc. 1 at PageID 21; Doc. 8 at PageID 88). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on August 24, 2016.

3

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during trial. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on February 9, 2015,[2] upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' December 24, 2014 judgment entry. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also*

---

[2] The forty-five day deadline for submitting a timely appeal expired on Saturday, February 7, 2015. Petitioner had until the next business day, Monday, February 9, 2015, to file a timely appeal to the Ohio Supreme Court. *See* S.Ct.Prac.R. 3.03(A)(1).

*Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not

appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his

time for seeking review with the State's highest court expired").[3] The statute commenced running

on February 10, 2015, the next business day after petitioner's conviction became final, *see* Fed. R.

Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on

February 10, 2016, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute

under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-

conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v.*

*Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v.*

*Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive'

the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not

yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259

(S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can

no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within

the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings," such as those prescribing the time limits for filing.

---

[3] Although petitioner later unsuccessfully sought leave to file a delayed appeal with the Ohio Supreme Court, it is well-settled that, in contrast to cases where the delayed appeal motion is *granted*, unsuccessful motions for delayed appeal do not restart the running of the statute under § 2244(d)(1)(A), but rather can only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Board v. Bradshaw,* 805 F.3d 769, 771-72 (6th Cir. 2015) (and Sixth Circuit cases cited therein); *see also Lung v. Warden, Chillicothe Corr. Inst.,* No. 1:14cv149, 2015 WL 539430, at *2 (S.D. Ohio Feb. 9, 2015) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2015 WL 1020303 (S.D. Ohio Mar. 9, 2015) (Dlott, J.).

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

The statute of limitations ran for 339 days before it was tolled again by petitioner's January 15, 2016 delayed appeal motion to the Ohio Supreme Court. *Cf. Board v. Bradshaw,* 805 F.3d 769, 771-76 (6th Cir. 2015) (reaffirming prior precedents—*see, e.g., DiCenzi v. Rose*, 452 F.3d 465, 468-69 (6th Cir. 2006); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014); *Applegarth v. Warden, N. Cen. Corr. Inst.*, 377 F. App'x 448, 449 (6th Cir. 2010)—in holding that a motion for delayed appeal to the Ohio Court of Appeals, even if "ultimately unsuccessful," is a "properly filed" motion under Ohio R. App. P. 5 for state collateral relief that serves to toll the limitations period under § 2244(d)(2)). The statute was tolled from January 15, 2016 through March 9, 2016, when the Ohio Supreme Court issued the final entry in the matter denying the delayed appeal motion.[4] (*See* Doc. 12, Ex. 13). The statute of limitations began to run again on March 10, 2016, and expired 26 days later on April 5, 2016 absent any further tolling of the limitations period. Because petitioner commenced the instant action on August 24, 2016, after the statute of limitations had run its course, his habeas petition is time-barred unless equitable tolling principles apply to excuse the procedural bar to review.

---

[4] In *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007), the Supreme Court made it clear that in contrast to the provision set forth in 28 U.S.C. § 2244(d)(1)(A) for determining the finality of a state conviction, tolling under § 2244(d)(2) does *not* include the time for seeking review in the United States Supreme Court through a petition for certiorari.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner has not responded to the motion to dismiss, nor has he offered any explanation for his failure to file the habeas petition prior to the expiration of the limitations period in the petition. (*See* Doc. 8). In his motion for a delayed appeal to the Ohio Supreme Court, petitioner argued that his delay was due to his pro se status. (*See* Doc. 12, Ex. 10 at PageID 168–69). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d

7

at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup*

*v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), and after taking into account the tolling of the statute under § 2244(d)(2), the statute of limitations began to run on February 10, 2015 and expired on April 5, 2016. Equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 13) should be **GRANTED** on the ground that the petitioner's habeas corpus petition, filed on August 24, 2016, is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

9

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: _4/6/17_                                      Karen L. Litkovitz
                                                    United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TYRELLE WEBSTER,                                   Case No. 1:16-cv-879
        Petitioner,

                                                   Dlott, J.
    vs.                                            Litkovitz, M.J.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,
        Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11